UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL ROSS COLTRIN<br><br>Defendant. | Case No. 1:23-CR-00177-AKB-6<br><br>**REPORT AND RECOMMENDATION** |

On October 18, 2023, Defendant DANIEL ROSS COLTRIN appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. (Dkt.119). The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment, the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation Office.

REPORT AND RECOMMENDATION - 1

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, the Government originally filed a Motion for Detention. (Dkt. 24). However, at Defendant's detention hearing, the Government withdrew its Motion for Detention. (Dkt. 59). The Court entered an Order Setting Release Conditions. (Dkt. 60).

Defendant has been compliant with pretrial release. (Dkt. 125). He is living in the home he owns with his former spouse and their two children. He is employed full time and has been able to return to his job after his release. He has no probation violations or failures to appear in the past. He has been participating in regular substance abuse testing and has begun engagement in outpatient treatment for substance abuse.

At the change of plea hearing, the Government did not request detention pending sentencing pursuant to 18 U.S.C. Section 3143. The government has not offered any information or reason to believe Defendant is at an enhanced risk or danger to the community at this time. Defendant requested he remain on release pending sentencing, for the following reasons: Defendant has been compliant with pretrial release conditions, has positive ties to the community, and has been able to keep his current employment.

Upon consideration of the totality of the circumstances presented in this case,

including the stringent conditions of release, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant DANIEL ROSS COLTRIN's plea of guilty to Count NINE of the Indictment.

2) The District Court order forfeiture consistent with Defendant DANIEL ROSS COLTRIN's admission to the Criminal Forfeiture allegation in the Indictment and the Plea Agreement (Dkt. 119).

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Count ONE of the Indictment as to Defendant DANIEL ROSS COLTRIN

4) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release. (Dkt. 60).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal

**REPORT AND RECOMMENDATION - 3**

objections to the United States Court of Appeals for the Ninth Circuit.

DATED: October 18, 2023

_____
DEBORA K. GRASHAM
U.S. MAGISTRATE JUDGE